**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1931**

BRIAN GREEN,

        Plaintiff - Appellant,

    v.

WELLS FARGO BANK, N.A.; BROCK & SCOTT, PLLC,

        Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Kenneth D. Bell, District Judge. (3:19-cv-00075-KDB)

Submitted: January 21, 2020              Decided: January 23, 2020

Before WILKINSON, KEENAN, and THACKER, Circuit Judges.

Affirmed in part, dismissed in part and remanded by unpublished per curiam opinion.

Brian Green, Appellant Pro Se. Alan Marc Presel, BROCK & SCOTT, PLLC, Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Green appeals the district court's order dismissing with prejudice his claims against Appellee Brock & Scott, PLLC for insufficient service of process and his claim pursuant to 15 U.S.C. § 1692(g) (2018) against all of the Appellees. On appeal, we confine our review to the issues raised in the Appellant's informal brief. *See* 4th Cir. R. 34(b). Because Green's informal brief does not challenge the basis for the district court's disposition, he has forfeited appellate review of the court's order as to this claim. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). Accordingly, we affirm the district court's judgment in part.

Green also seeks to appeal the district court's dismissal without prejudice of his claims under 15 U.S.C. 1692c(b) (2018) and N.C. Gen. Stat. § 75-1.1(a)-(b) (2018) for failure to state a claim. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2018), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2018); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "An order dismissing a complaint without prejudice is not an appealable final order under § 1291 if 'the plaintiff could save his action by merely amending his complaint.'" *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015) (quoting *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993)). Because the grounds for the district court's dismissal "did not clearly preclude amendment," *Goode*, 807 F.3d at 630, we conclude that the court's order is neither a final order nor an appealable interlocutory or collateral order as to these claims.

2

Accordingly, we dismiss the appeal in part for lack of jurisdiction. In *Goode*, we remanded to the district court with instructions to allow amendment of the complaint. *Id.* Here, however, the district court already has provided Green with an opportunity to amend. Accordingly, we direct on remand that the district court, in its discretion, either afford Green another opportunity to amend or dismiss these claims with prejudice, thereby rendering the dismissal order a final, appealable judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART, AND REMANDED*